IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**CLARENCE J. WILKERSON,**

    Plaintiff,

vs.                                    CASE NO. 1:03CV106-MMP/AK

**JO ANNE B. BARNHART,
Commissioner of Social Security**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

### A.   PROCEDURAL HISTORY

Plaintiff filed an application for SSI on August 17, 1993, alleging a disability onset date of August 1, 1993, because of Hepatitis C, lumbar strain, alcohol abuse, and Intermittent Explosive Disorder. The present complaint is Plaintiff's third. His first complaint filed on January 14, 1998, resulted in an Order of Remand by this Court on

September 17, 1998, and a supplemental hearing was held on April 15, 1999.  He again received an unfavorable decision and Plaintiff filed a second complaint on June 23, 2003, which again resulted in a remand because the hearing tape had been lost.  Supplemental hearings were held on November 10, 2004, May 18, 2005, and September 12, 2005, which also resulted in an unfavorable decision dated November 14, 2005, and which is now before this Court.

**B.**     **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had hepatitis C, in remission subsequent to Interferon therapy, lumbar strain, alcohol abuse, and "rule out intermittent explosive disorder," which were severe impairments, but did not meet the listings.  The ALJ also found that Plaintiff's mental impairments imposed mild restriction of daily activities, moderate difficulties with social functioning, no difficulties in maintaining concentration, persistence or pace, and these impairments were severe within the meaning of the regulations, although there was no evidence that he met any of the "C"criteria.  The ALJ found that while Plaintiff could not perform his past relevant work, he could perform work existing in significant numbers in the national economy.  Based on the opinions of state agency physicians Dr. Beissinger and Dr. Santos, the ALJ found that Plaintiff retained the RFC to lift and/or carry at least 20 pounds occasionally and 10 pounds frequently, that he could sit, stand and/or walk at least 6 hours out of an 8 hour day, but that he must avoid dust, fumes, odors and gases, and contact with the general public. Utilizing the pain standard set forth in Holt and Brown, the ALJ found that Plaintiff has some impairments that could reasonably cause pain, but that the medical evidence does not support his allegations of severe pain.  His Hepatitis C is in remission, and

**No. 1:02CV125-SPM/AK**

even while he took Interferon his reports of weakness and fatigue were only mild to moderately limiting. The ALJ also found that Plaintiff's reported daily activities did not support a disabling level of pain in that he admitted to 3 to 4 hours of yard work a day, and he exhibited no manifestations of severe pain such as poor overall health, weight loss, or muscle weakness or atrophy.  Using the grids and the testimony of an expert witness, the ALJ found that there were numerous jobs existing in the national economy which Plaintiff could perform.

## C. ISSUES PRESENTED

Plaintiff argues that substantial evidence does not support the ALJ's finding that he could perform a significant range of light work because the ALJ did not consider Plaintiff's pain and fatigue.

The government responds that the medical evidence did not support a finding of pain consistent with Plaintiff's reports and that the fatigue he complained of was the result primarily of Interferon therapy which concluded after 48 weeks.  Plaintiff's self-reported daily activities also supported a finding that pain and other reports of limitation were not entirely credible.  Finally, the government contends that the ALJ was properly able to consider the opinion of a non-examining medical source regarding Plaintiff's impairments and the severity thereof.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**No. 1:02CV125-SPM/AK**

**D.    STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an

**No. 1:02CV125-SPM/AK**

adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him

**No. 1:02CV125-SPM/AK**

from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

### E.  SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff has been treated primarily by the Veterans Hospital for various complaints and traumas.  (R. 106-132, 175-182, 183-198, 537-591, 592-816).  He appears to have been diagnosed with hepatitis C, described as "ETOH related," around 1993.  (R. 118-119).  He has a long history of alcohol abuse for which he received treatment in May 1994, but he left the program after 24 hours and did not follow up at that time.  (R. 133-135).

He apparently entered another substance abuse program in August 1994, but he again left without completing the program.  (R. 137).  A number of laboratory tests and x-rays (EKG, chest x-ray, CBC) were taken at this time which were all normal, with the exception of the Hepatitis C reaction.  (R. 137).  He had no physical complaints at the time.  (R. 138).

**No. 1:02CV125-SPM/AK**

On April 10, 1995, Plaintiff completed a 28 day inpatient treatment program and was discharged with a prescription for Albuterol.  (R. 179).  Again, a number of tests were taken at this time which showed nothing abnormal.  (R. 180-181, 195).

He reported to the VA hospital on October 25, 1999, with reports of diarrhea, difficulty breathing and fatigue, which was possibly related to the hepatitis, but was later determined to have been the result of a colonic ulcer.  (R. 537, 546).  He had begun drinking again.  (R. 548).  In a follow-up visit in January 2000, Plaintiff complains of fatigue and diarrhea "on occasion."  (R. 549).

Another round of lab tests on January 30, 2004, revealed "mild COPD changes," normal right hip, with no evidence of fracture or arthritis, liver "mildly and diffusely hyperechoic," and normal chest.  (R. 592-597).

In preparing for the Interferon therapy in 2002, it was noted that he had "HCV infection with no complications."  (R. 654).  Plaintiff also had a pulmonary function test, which was normal.  (R. 675).  Results of therapy show that by September 2004, "his HCV PCR was not detected," and he had experienced "chronic fatigue during treatment."  (R. 681).  He also reported in March 2004 during his treatment to have "fatigue and weakness and nausea in AM on occ...experiencing mild side effects."  (R. 703).  In December 2003, he again reported "mild to moderate side effects," (r. 710).  In November 2003, he was told it may take several weeks before he would feel better.  (R. 714).

**No. 1:02CV125-SPM/AK**

A psychological evaluation for the administration conducted on April 19, 1995, revealed nothing specific and nothing overtly limiting. (R. 150-153).

Plaintiff underwent two consultative examinations, the latest one with Dr. Chodosh on June 23, 1998.[1]  Dr. Chodosh found Plaintiff to have "no convincing evidence of spinal or joint disease of sufficient magnitude to cause significant impairment of function," and "Hepatitis C by history, but no signs of cirrhosis or liver failure.  This is probably not physically limiting at this point." (R. 912).  He found Plaintiff "physically able to walk and stand normally," and "able to sit normally," "able to bend, lift, carry, squat, kneel, and crawl," and "able to comprehend and follow directions, and is able to relate normally to others." (R. 912).  Range of motion tests taken at this time were normal. (R. 913-914).

## F.     SUMMARY OF THE ADMINISTRATIVE HEARINGS

### a)     November 10, 2004

Plaintiff was born on June 15, 1953, and was therefore 51 years old at the time of the hearing. (R. 228).  He completed the eleventh grade, but did not get a GED. (R. 229).  His only past relevant work was as a roofer. (R. 228).  Plaintiff contends that he is unable to work because of Hepatitis C, in remission, COPD, and osteoarthritis in his hips and knees. (R. 230).  He takes Albuterol for the COPD and a muscle relaxer for his osteoarthritis, but his "bad liver" keeps him from taking much else. (R.231).  Plaintiff describes his day as walking the dog and raking in the yard for an hour, but he does no

---

[1] The records of the examination with Dr. Greenberg in 1995 are illegible in the court's copy of the transcript. (R. 154-156).

**No. 1:02CV125-SPM/AK**

cleaning or cooking or any household chores, his girlfriend does these things. (R. 232). He watches t.v., but does not go out, except to church on Sunday occasionally. (R. 232). Before he started the 48 week Interferon treatment in 2003, he used to do chores. (R. 235-236). Although he completed the treatment he still experiences weakness, fatigue, vision problems, and aches and pains in his joints. (R. 238). Any activity, even sitting, can bring on the fatigue and he needs to sleep for about half an hour after each episode. (R. 239).

The vocational expert testified that Plaintiff's past work was heavy. (R. 243). He was asked to assume a younger individual (40-50), with an eleventh grade education, who can lift 20 pounds occasionally, 10 pounds frequently, sit, stand, or walk six hours out of an 8 hour day, and can occasionally climb, stoop and bend. (R. 244). The expert said he could not perform his past relevant work, but there were numerous other jobs he could perform. (R. 244). The ALJ added that the individual would have no contact with the general public and this did not change the number of jobs identified by the expert. (R. 245). The expert also identified a number of medium level jobs that Plaintiff could perform, so long as there was no climbing. (R. 246). The additional limitation of no exposure to fumes, etc., would limit some assembly jobs, but he could still be an inspector or stock clerk or packer. (R. 248-249). If the ALJ added to the hypothetical that Plaintiff had fatigue and shortness of breath upon the slightest exertion and would have to sleep for a half hour, this eliminated all jobs. (R. 249)

    b)    <u>May 18, 2005</u>

**No. 1:02CV125-SPM/AK**

Plaintiff did not appear for the hearing and it was rescheduled. (R. 254).

    c)    <u>September 12, 2005</u>

Plaintiff stated that he picked up some yard work from time to time for money and spent about 3 to 4 hours a day doing yard work. (R. 260). His most comfortable position was laying down and he spent about 12 hours a day doing this, including his regular sleep time. (R. 260). Plaintiff stated that the symptoms of fatigue went away after the Interferon treatment, but the hepatitis C recurred and now he feels tired again. (R. 263). Plaintiff says he can only lift 8 pounds, walk a couple of blocks, stand about 20 minutes and sit for about 20 minutes or his back hurts. (R. 266). He still lives with his girlfriend and does nothing around the house. (R. 267).

The vocational expert appeared and assessed Plaintiff's past relevant work as a roofer as medium level, and assumed a hypothetical of an individual between the ages of 40 and 52, eleventh grade education, no climbing, with only occasional balancing, who must avoid exposure to fumes, odors, dust, gases and poor ventilation. (R. 269). The expert testified that he could not perform his past relevant work, but could work as a warehouseman, cook's helper, packing machine operator, kitchen worker, and that these jobs exist in significant numbers in the national economy. (R. 269-271). If he was required to lie down 80 % of the day and could not lift 8 pounds, he would be unable to perform any of these jobs. (R. 271).

**G.**    <u>**DISCUSSION**</u>

**No. 1:02CV125-SPM/AK**

Pain and other subjective symptoms are treated by the regulations as symptoms of disability.  Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, "unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms."  Accord 20 C.F.R. § 416.929.  In Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir. 1986), the Eleventh Circuit adopted the following pain standard:

> There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

The Eleventh Circuit continues to follow the Hand test.  Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991); Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991); Martin v. Railroad Retirement Bd., 935 F.2d 230, 233 (11th Cir. 1991). "While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself."  Elam, 921 F.2d at 1216.  The court has held that "[p]ain alone can be disabling, even when its existence is unsupported by objective evidence."  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), citing Walker v. Bowen, 826 F.2d 996, 1003 (11th Cir. 1987).  Standing alone, however, a claimant's testimony of pain is not conclusive evidence of disability.  Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987).  If the Commissioner rejects a claimant's allegations of pain, he must articulate explicit and adequate reasons, and these reasons must be

**No. 1:02CV125-SPM/AK**

based on substantial evidence.  Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  The failure to articulate adequate reasons for discrediting pain testimony mandates that the testimony be accepted as true as a matter of law.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Despite Plaintiff's claims that the ALJ did not consider his pain and fatigue, the decision clearly shows that the ALJ considered Plaintiff's allegations, but did not find them entirely credible because of the following reasons.

Plaintiff claims that he is disabled from work because of three conditions: Hepatitis C; Chronic Obstructive Pulmonary Disease (COPD); and osteoarthritis in his hips and knees.[2]  The ALJ examined the medical evidence on all three conditions and found that he had completed his Interferon therapy and there was no evidence that his hepatitis had recurred.  (R. 211).  During the treatment, his symptoms were described as mild to moderate side effects.  (R. 211).   The Court notes that the medical records of his treatment before the Interferon treatment do not include complaints of chronic and severe weakness and fatigue.  References to these complaints appear to have been related solely to the Interferon treatment.  There is nothing in the record, except Plaintiff's testimony, that indicates he's had a recurrence of the disease.  Further, there is nothing in the record to explain why Plaintiff continues to suffer from weakness and fatigue more after the end of the treatment than he did with the full blown disease.  The

---

[2] Plaintiff did not allege a mental impairment on his original disability report (R. 69), but he had a mental evaluation (R. 150-153) and the ALJ addressed this in his findings, as severe, but not disabling.  (R. 210).

**No. 1:02CV125-SPM/AK**

record indicates that he was told that he would feel better within weeks of the completion of the treatment.  Plaintiff has come forward with no medical evidence to support any continued pain and limitation from Hepatitis C.

The ALJ also addressed Plaintiff's COPD, which Plaintiff alleges makes him tired and short of breath.  (R. 210).  The ALJ did not find these allegations credible since the pulmonary function studies were normal.  (R. 210).

Finally, Plaintiff has had two consultative examinations and his complaints of pain and limitation because of osteoarthrtiis were addressed and found not to be limiting.  (R. 207-208).  X-rays taken of the lumbar spine show only mild degenerative changes.  (R. 109-111).  Range of motion tests were normal.  (R. 909-914).

Thus, the ALJ considered each of Plaintiff's conditions and found support in the record, as well as Plaintiff's self reports of daily activities, inconsistent with Plaintiff's allegations of severe pain and limitation.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this   **29th**   day of January, 2007.


                                    **s/ A. KORNBLUM**
                                    **ALLAN KORNBLUM**
                                    **UNITED STATES MAGISTRATE JUDGE**

**No. 1:02CV125-SPM/AK**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:02CV125-SPM/AK**